IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-0540-WJM-NRN

SEBO AMERICA, LLC,

    Plaintiff,

v.

DOES 1–10,

    Defendants.

---

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

---

Plaintiff SEBO America, LLC ("SEBO") seeks a temporary restraining order ("TRO") enjoining Defendants DOES 1–10 ("Doe Defendants"), their officers, agents, employees, successors, and assigns, and those working with or under the authority of the Doe Defendants using the name USABuyer on Amazon.com from infringing on SEBO's trademarks. (ECF No. 14 at 1.) As explained below, SEBO's Motion for a Temporary Restraining Order (the "Motion") suffers procedural and substantive defects, and the Court thus denies the Motion.

A court may issue a TRO without written or oral notice to an adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). In addition, D.C.COLO.LCivR 65.1 requires that a motion for a TRO be accompanied by a

certificate of counsel describing either the actual notice given to an opposing party or the efforts made to provide notice.

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, a party must satisfy the same elements it would need to satisfy for a preliminary injunction. *See NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279, at *1 (D. Colo. Sept. 14, 2009). Thus, a party seeking a TRO must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). The moving party bears the burden of persuasion as to each of the four elements of injunctive relief. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

The day after the Motion was filed, SEBO filed a declaration of its Chief Executive Officer John van Leuven explaining SEBO's trademarks and the Doe Defendants' violations thereof (ECF No. 18), as well as a declaration by SEBO's counsel explaining why service of process had not been effected on the Doe Defendants (ECF No. 17). Pursuant to the undersigned's Revised Practice Standards, exhibits to a motion must be filed on the same calendar day as the motion and may be summarily stricken for failure to comply. *See* WJM Revised Practice Standard III.A.3.

The Court will therefore not consider the declarations.[1]  As discussed below, the Court's decision not to consider the declarations is not dispositive of the Motion because the Motion also fails on substantive grounds.

The Motion is procedurally deficient because, at the time the Motion was filed, SEBO failed to comply with Rule 65 or this District's local rules for entry of a TRO without notice to the defendant.  SEBO's complaint is not verified nor are specific facts supporting a TRO set forth in an affidavit attached to the Motion.  *See* Fed. R. Civ. P. 65(b).  Nor does counsel set forth in a certificate attached to the Motion his efforts to provide notice to the Doe Defendants.  D.C.COLO.LCivR 65.1.  The Court could deny the Motion on this ground alone.  *See May v. U.S. Bank, N.A.*, 2013 WL 3200473, at *2 (D. Colo. June 24, 2013); *Myers v. Wells Fargo Bank, N.A.*, 2016 WL 3676800, at *1 (W.D. Okla. July 6, 2016).

Moreover, even if SEBO's Motion were not procedurally deficient or SEBO's late-filed declarations cured the procedural deficiencies, SEBO merely states that it has and will suffer irreparable harm absent a TRO, but does not detail the harm or explain why the harm is irreparable.  (ECF No. 14 at 2–3.)  *See* NRC Broadcasting, 2009 WL 2965279 at *1 ("a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.").  In addition, the Motion fails to address, much

---

[1] This is not the first time in the short tenure of this case that SEBO has filed a motion and subsequently filed supporting materials.  (*See, e.g.*, ECF No. 3 (Motion for Leave to Seek Third Party Discovery filed February 25, 2019) *and* ECF No. 15 (Brief in Support of Motion for Leave to Seek Third Party Discovery filed March 11, 2019).)  The Court expects that SEBO will in the future file any motions and documents in support thereof contemporaneously, failing which it risks having its filings and/or supporting documents summarily stricken.

less show, a likelihood of success on the merits, that the balance of equities weigh in its favor, or that the injunction is in the public interest. *See May*, 2013 WL 3200473, at *2. In particular, SEBO fails to justify why it is appropriate and equitable to enjoin the activities of persons unknown to SEBO and the Court. "A court does not have the power to enjoin the behavior of the world at large . . . [and] as a general rule, the federal courts do not favor the naming of 'John Doe' defendants." *Joel v. Various John Does*, 499 F. Supp. 791, 792 (E.D. Wisc. 1980). The Court finds that SEBO had not carried its burden of persuasion as to each of the elements of injunctive relief. *See Heidman*, 348 F.3d at 1189.

Because SEBO's Motion is procedural deficient and SEBO fails to carry its burden to establish the appropriateness of a TRO, the Court DENIES WITHOUT PREJUDICE SEBO's Motion for a Temporary Restraining Order (ECF No. 14). SEBO's claims remain pending before this Court for adjudication in the normal course.

Dated this 14th day of March, 2019.

BY THE COURT:

William J. Martinez
United States District Judge