# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 19-cv-0540-WJM-NRN

SEBO AMERICA, LLC,

    Plaintiff,

v.

EURACO GROUP LIMITED, and
DOES 1–10,

    Defendants.

## ORDER GRANTING IN PART TEMPORARY RESTRAINING ORDER

On June 21, 2019, Plaintiff SEBO America, LLC ("SEBO") filed a "Motion for and Brief in Support of a Temporary Restraining Order and Preliminary Injunction" (the "Motion") seeking to limit Defendant Euraco Group Limited from selling SEBO's goods in the United States without authorization. (ECF No. 26.) SEBO seeks a temporary restraining order ("TRO") enjoining Defendant Euraco Group Limited ("Euraco"), its officers, agents, employees, successors, and assigns, and those acting in concert or participation with, or under the authority of or from Euraco, by using the username USABuyer or any other alias, from infringing on the following trademarks: SEBO, FELIX, AUTOMATIC X, ESSENTIAL G, COMFORT, AIRBELT, DART, DISCO, DUO, DUO-P, and WORKS FOR ME (the "SEBO Trademarks"). (*Id.*) SEBO also seeks a preliminary injunction enjoining Euraco and its associates to the same extent. (*Id.*)

As explained below, SEBO's motion for a TRO is granted in part and denied in part. That portion of the Motion seeking the entry of a preliminary injunction is taken

under advisement. However, with respect to non-registered trademarks, on or before Friday, July 5, 2019, SEBO must provide additional detail about each mark it wishes for the Court to consider in regards to a one-time extension of the TRO under Rule 65, or with respect to entry of a preliminary injunction.

## I. DISCUSSION

### A. Rule 65 Requirements for a Temporary Restraining Order

To obtain a temporary restraining order ("TRO") before the party to be restrained has an opportunity to appear and respond, a plaintiff must present

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney['s] certifi[cation] in writing [regarding] any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). As for requirement "A," SEBO has provided an affidavit from its chief executive officer, John Van Leuven. (ECF No. 26-1.) As for requirement "B," SEBO's counsel certifies that he has unsuccessfully attempted to communicate with Euraco through its mailing address, telephone, and an e-mail address (obtained through third-party discovery). (ECF No. 26-3 ¶¶ 4–8.) At the time of filing the instant motion, SEBO's counsel provided actual notice of the motion and all pleadings filed in the action to Euraco through the e-mail address provided in discovery. (*Id.* ¶ 8.) Counsel notes that service of process is in progress and the required documents for service have been provided to the Central Authority of Jersey, United Kingdom, under the Hague Service Convention, and that authority is proceeding with local service requirements. (*Id.* ¶ 3.)

While not explicit in the Motion or attorney certification, SEBO suggests that it has made reasonable efforts to provide notice, and thus the TRO should issue absent actual notice to Euraco. The Court agrees. The Court thus finds that SEBO has made a sufficient showing that a TRO should issue without notice.

**B.    SEBO Satisfies the Four-Part Test for Obtaining a TRO**

"A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." *NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279, at *1 (D. Colo. Sept. 14, 2009). The purpose of a temporary restraining order is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

SEBO asserts eight claims against Defendants, alleging violations of federal and state law. Its Motion for TRO, however, SEBO focuses on its trademark infringement, unfair competition, and false advertising claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Because the Court finds that SEBO has shown a likelihood of success on its federal claims, it does not address the likelihood of success on the state claims.

"[I]n order to establish trademark infringement, a plaintiff must prove the validity of the mark it seeks to protect and must also prove that the use of a similar mark by

3

defendant is 'likely to cause confusion in the market place concerning the source of the different products.'" *USA Network v. Gannett Co.*, 584 F. Supp. 195, 198 (D. Colo. 1984) (quoting *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 940 (10th Cir. 1983)). "'Confusion occurs when consumers make an incorrect mental association between the involved commercial products or their producers' or 'when a mark is likely to deceive purchasers or users as to the source, endorsement, affiliation, or sponsorship of a product.'" *Health Grades, Inc. v. Robert Wood Johnson Univ. Hosp., Inc.*, 634 F. Supp. 2d 1226, 1239 (D. Colo. 2009) (quoting *John Allan Co. v. Craig Allen Co.*, 540 F.3d 1133, 1138 (10th Cir. 2008)). Courts look at six, non-exhaustive factors to determine whether there is a likelihood of confusion:

> (1) the degree of similarity between the marks; (2) the intent of the alleged infringer in adopting the mark; (3) evidence of actual confusion; (4) similarity of products and manner of marketing; (5) the degree of care likely to be exercised by purchasers; and (6) the strength or weakness of the marks.

*John Allan Co.*, 540 F.3d at 1138.

Similarly, a Lanham Act "false advertising claim" may be brought against any person who uses a "word, term, name, symbol, or device or any combination thereof, or any false designation of origin" that either "is likely to cause confusion . . . as to the . . . approval of his or her goods, services, or commercial activities by another person" or "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1); *see also PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 78–79 (1st Cir. 1996) (referring to a § 1125(a) claim as a "close cousin to a claim for infringement of a federally registered mark" that is "commonly used to prevent infringement of

4

unregistered trademarks"). "Courts addressing claims of both trademark infringement and unfair competition, address the claims together because they have virtually identical elements . . . ." *Cleary Bldg. Corp. v. David A. Dame, Inc.*, 674 F. Supp. 2d 1257, 1269 (D. Colo. 2009) (citing *Utah Lighthouse Ministry v. Found. for Apologetic Info. and Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) ("Trademark infringement is a type of unfair competition; the two claims have virtually identical elements and are properly addressed together as an action brought under . . . section 43 of the Lanham Act.")).

SEBO contends that Euraco "has not been authorized by Plaintiff to market or sell goods bearing [t]he SEBO Trademarks to customers in the United States that are meant for sale outside of the United States, or in any other manner." (ECF No. 26 at 6.)[1] SEBO thus contends that, by its sales to American and Coloradan customers, Euraco has misused SEBO's registered trademarks as well as common law trademarks. SEBO claims that goods sold by Euraco under the SEBO Trademarks are materially different in the warranty, service, price, and shipping process and procedures. (ECF No. 26 at 8–9.) *See Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1073 (10th Cir. 2009).

SEBO has also presented evidence in the form of plausible allegations that such differences have the potential to mislead or confuse consumers about the nature or

---

[1] Some of the SEBO Trademarks are federally registered (*see* ECF No. 23-2), whereas others are "common law trademarks" (ECF No. 23 ¶ 3). Throughout the Motion, SEBO does not distinguish between the types of trademarks. Rather, it simply asserts that Euraco has misused them all. For the TRO to be renewed or a preliminary injunction to enter, SEBO must provide additional detail regarding the use of the non-registered marks.

quality of the product, or the origin or source or manufacture.  *See id*.; *Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831, 833 (10th Cir. 2005).  SEBO has presented evidence that Euraco has used the SEBO Trademarks, intending to trade on SEBO's goodwill by online marketing of very similar, but ultimately inferior products, alongside legitimate SEBO products.  Thus, SEBO has presented evidence that consumers are likely to be misled about the goods sold by Euraco.  On the limited record before it, the Court concludes that there is a substantial likelihood that SEBO will prevail on its federal claims against Euraco.

The Court further finds that SEBO will likely suffer irreparable injury incapable of being remedied by money damages if Euraco is not enjoined from using the SEBO Trademarks and selling SEBO products in the United States without SEBO's authorization.  *Dalkita, Inc. v. Distilling Craft, LLC*, 356 F. Supp. 3d 1125, 1134 (D. Colo. 2018) ("loss of control over business reputation and damage to goodwill are cognizable irreparable harms in the trademark infringement context" (alteration incorporated)).

The Court also finds that the irreparable harm to SEBO outweighs any harm to Euraco, at least in the near-term contemplated by this Order.

Finally, a TRO is not adverse to the public interest.  To the contrary, it is in the public interest to prevent consumer confusion created by multiple use of identical marks for different products.  *See Port-a-Pour, Inc. v. Peak Innovations, Inc.*, 49 F. Supp. 3d 841, 873 (D. Colo. 2014); *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 541 (S.D.N.Y. 2011) ("The consuming public has a protectable interest in being free from confusion, deception and mistake.").  The Court thus concludes that SEBO has met its burden to establish that TRO is appropriate under the circumstances.

**C.     Bond**

Rule 65(c) states that a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Although phrased as mandatory, in practice this Court has discretion under this Rule whether to require a bond.  *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003).  While SEBO proposes a $1,000 bond in this case  (ECF No. 26 at 15), the Court finds that a $5,000 bond is more appropriate at this time.  As the record in this case develops, this bond amount may be modified.

## II. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 26) is GRANTED IN PART as stated in this order;

2. During the effective term of this Order, Defendant Euraco Group Limited, and its officers, agents, servants, employees, and attorneys, and those who are "in active concert or participation," with the same (collectively, "Euraco"), are PROHIBITED FROM:

    a. Infringing upon, unfairly competing with, or passing off Plaintiff's trademarks (SEBO, FELIX, AUTOMATIC X, ESSENTIAL G, COMFORT, AIRBELT, DART, DISCO, DUO, DUO-P, and WORKS FOR ME) (together, the "SEBO Trademarks") under federal trademark, unfair competition, and false advertising laws in the United States;

7

    b.     Advertising, promoting, or selling products bearing the SEBO Trademarks to customers in the United States;

    c.     Imitating, copying, or making any use of the SEBO Trademarks which falsely suggests that any advertisement, promotion, or sale of goods by Euraco is authorized, sponsored, or approved by SEBO;

    d.     Imitating, copying, or making any use of the SEBO Trademarks which falsely misrepresents the nature, characteristics, qualities, or origin of any products; and

    e.     Imitating, copying, or making use of the SEBO Trademarks in any manner which is likely to create confusion, deception, or mistake regarding any connection between SEBO and Euraco, their goods, or their trademarks;

3. The Court TAKES UNDER ADVISEMENT that part of the Motion which seeks a Preliminary Injunction, subject to further briefing discussed below;

4. The remainder of the Motion is DENIED;

5. This Temporary Restraining Order SHALL EXPIRE on **Monday July 8, 2019, at 11:59 p.m. Mountain Daylight Time** unless extended prior to that date by Order of this Court and pursuant to the terms of Rule 65;

6. Plaintiff SHALL TRANSMIT a copy of this Order to Defendant Euraco by any means (including multiple means, if appropriate) reasonably calculated to reach Defedant Euraco promptly, and Plaintiff must then promptly file a certificate of service explaining how they transmitted this order and whether it has reason to believe that it was received by Defendant Euraco;

7. Prior to extending this Temporary Restraining Order, or entering a preliminary

injunction, Plaintiff must supplement its Motion (ECF No. 26) and provide greater factual detail as to each non-registered mark listed among the "SEBO Trademarks" on or before **July 5, 2019**;

8. Defendant Euraco SHALL FILE a response to that portion of the Motion seeking a preliminary injunction **no later than seven calendar days** after Plaintiff files with this Court proof of service on Defendant pursuant to Rule 4. After Defendant Euraco files a response, the Court will determine whether a reply brief from Plaintiff and/or a hearing on the preliminary injunction portion of the Motion is necessary;

9. The Court FURTHER ORDERS that Plaintiff SHALL POST a bond or cash deposit with the Clerk of the Court in the amount of **$5,000** no later than this **Wednesday June 26, 2019**; and

10. Defendant Euraco is on notice of its discovery obligations under the Federal Rules of Civil Procedure.

Entered this 24th day of June, 2019 at 5:40 p.m., Mountain Daylight Time.

BY THE COURT:

_____
William J. Martinez
United States District Judge